In re Estate of Rose Ann Adams in the hands of William J. Alexander, Trustee.  Appeal of William A. Adams.

*Decedents' estates—Orphans' court practice—Bill of review—Laches.*

In 1881 a trustee under a will filed an account showing a certain amount in his hands, and a bill of review of said account is now asked. In 1895 the trustee's executors filed a final account of the trust showing that the trustee had expended the whole fund for the maintenance and care of the cestui que trust in an institution for the insane. The petition for review averred that the trust estate was not a fund in the hands of the trustee, but an interest in a banking house of which the testator and the trustee were partners. The account of 1881 showed on its face that the fund was a deposit in the banking house drawing interest. There was no allegation in the petition that the petitioner was without knowledge of the two accounts filed, or so situated that he could not inspect the same. It also appeared that all the facts were accessible to the petitioner at the time of the filing of the first account. *Held,* that the petitioner was guilty of laches, and that a bill of review should be refused.

Argued Oct. 20, 1897. Appeal, No. 161, Oct. T., 1897, by William A. Adams, from decree of O. C. Washington Co., Feb. T., 1897, No. 6, sustaining demurrer to petition. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for bill of review.

The facts appear by the opinion of TAYLOR, J., which was as follows:

It is conceded by the petitioner in this case for a bill of review of the accounts of Wm. J. Alexander, trustee of Rose Ann Adams, and James S. Alexander and Joseph A. Herron, executors of the will of the said Wm. J. Alexander, who was trustee of the said Rose Ann Adams, deceased, that he has laid no ground demanding relief as a matter of right, which was to admit that there were no errors of law apparent on the face of the records referred to, and that no new matter had arisen since the decrees confirming said accounts. .It was frankly stated by the petitioner's counsel at the argument of the case that if the petitioner were granted the review for which he laid claim, it rested solely with the court as a matter of grace, and to this attribute alone on the equitable side of the court he addresses himself and refers his cause.   In disposing of the case it will be necessary to consider only when and under what circumstances a review should be granted as a matter of grace, after referring to the facts stated in the petition, from which the petitioner's rights are now to be determined, if he have any, under this proceeding.

The will of Joseph Alexander must be taken as the basis of any claim the petitioner here may have to relief, since the petition sets forth his will, and that whatever estate Rose Ann Adams had was derived by and under said will, and in which the trust here was also created.   Joseph Alexander died testate in June, 1871.   His will was duly probated and letters testamentary issued to Wm. J. Alexander, a son, who at the time of his father's death was engaged with him in the banking business as private bankers in the city of Monongahela.   By the said will of Joseph Alexander his executor therein named was also made trustee of the one fifth residue of his estate remaining after the payment of his debts. to be by him held in trust for the use and benefit of the said Rose Ann Adams during her life, and then any remaining after her death to be paid to her two sons, Wm. A. Adams, the petitioner in this case, and Charles W. Adams, who died intestate, unmarried and without issue.   Rose Ann Adams was a daughter of the said Joseph

Alexander and a sister of Wm. J. Alexander, the executor and
trustee under the father's will. In the appraisement of the
estate of Joseph Alexander, deceased, filed August 1, 1871, the
sum of $4,988 was appraised as " due from Alexander & Co.,"
the banking firm, and represented the interest of the deceased
father in this business. This sum, with other items of personal
property of the deceased, aggregated $5,542, which sum the
accountant, together with the sums derived from the sale of the
decedent's real estate, aggregated, as the entire estate of said
deceased, $17,961.50; and after deducting debts, funeral ex-
penses and expenses of settlement, left a balance for distribution
among the legatees under said will of $17,169.95, which balance
was distributed in five equal shares and amounts to and among
the children of said deceased of $3,433.99 each, as shown by the
account of said executor filed to No. 14, February term, O. C.
1872, which account was confirmed and never excepted to.
The executor of Joseph Alexander received, and receipted for
as trustee of Rose Ann Adams, her full share as shown by the
distribution account of her father's estate, December 16, 1871,
$3,433.99, and placed it on deposit in the banking house of
Alexander & Co., where it remained until finally used up by
the said Rose Ann Adams, principal, and interest which it drew
from the date of its deposit with the bank on December 16,
1871, the interest of which and so much of the principal as was
remaining were paid July and January of each year for the sup-
port and care of the said Rose Ann Adams, who was a lunatic,
confined in an asylum for the insane until her death, May 22,
1893.

At No. 5, January term, O. C. 1881, the said William J.
Alexander filed an account of his management of this trust fund
held by him under the will of Joseph Alexander for the use of
said Rose Ann Adams, accounting for principal and interest
accrued thereon July 1, 1880, $4,810.88, from which he took
credit in the sum of $2,683.02, as paid out for the maintenance,
care and keeping of his sister, in the institution for the insane
where she was confined. This account was duly confirmed by
the court without exception filed, and the balance shown by it
in the hands of the trustee, viz: $2,127,86, the said trustee con-
tinued to keep invested at six per cent annual interest until
January 2, 1888, when principal and interest of the trust fund

became exhausted in the support of the lunatic, and the trustee and brother had expended of his own funds, as appears by the account of his executors, who to No. 56, May term, O. C. 1895, filed his final account as trustee, the sum of $971.54, showing an indebtedness in said amount of the estate of Rose Ann Adams to the executors of William J. Alexander, deceased. This account filed of this trust estate by the trustee's executors, the trustee having died June 4, 1894, was exhibited in the register's office May 15, 1895, in a few days less than one year after the decease of the said trustee of Rose Ann Adams, and was advertised and confirmed according to law absolutely April 17, 1895, without exception filed thereto. It is these two latter accounts that the petitioner here, William A. Adams, the only surviving son and heir of the said Rose Ann Adams, filed March 8, 1897, for a rule, etc., asks the court to open up to him, as a matter of grace, for review, for the purpose of showing, as he sets out in paragraph 14 of his petition, that " the portion of the estate allotted to the trustee of Rose Ann Adams was an interest in the said Alexander & Co., equal to the amount of said estate, and was never converted into money, and never passed through the hands of Wm. J. Alexander as executor and trustee, but remained a vested interest in said company without interruption from the death of Joseph Alexander to this date, and the principal thereof has never been accounted for." It is here plain to be seen that no new proof has been discovered after the decree confirming the account of Wm. J. Alexander, as trustee of the said Rose Ann Adams, a lunatic, filed to No. 5, January term, 1881, which proof could not possibly have been used at the time when the decree confirming that account was made. By that account the trustee plainly discloses the fact that the share or interest derived by the said Rose Ann Adams from her father's estate, and by him held in trust under the will of his father for this lunatic sister, is not a vested interest in the banking firm of Alexander & Co., but there as a deposit drawing interest thereon at the legal rate, the same as that of an investment for an interest rate instead of an interest in the firm. A period of about eight years had elapsed between the death of Joseph Alexander and the filing of the first account of Wm. J. Alexander, as trustee of Rose Ann Adams, yet in all these years no expenses of the running of the

banking house of Alexander & Co., were charged up to the trust estate of Rose Ann Adams in the trustee's hands; in this account, and then, as now, the accountant treated the money derived by her from her father's estate as invested simply as an interest bearing investment, the income of which, as well as some of the principal, from time to time, were necessarily used for her support and maintenance in the asylum. There is no allegation in the petition that the petitioner was without knowledge of the filing of this account, or the last one filed by the executors of the trustee, or so situate that he could not inspect the same, and we must take it after this lapse of time, and particularly after the death of Wm. J. Alexander, the trustee, whose lips are now sealed in death, that the petitioner has been guilty of such laches, he being the residuary legatee of the mother's trust estate under the will of his grandfather Joseph Alexander, as destroys his title to relief. For the principle laid down above, and which controls our decision in this case, see Scott's App., 112 Pa. 427; Priestley's App., 127 Pa. 420, and the cases in the above two cases cited, wherein these principles of equity, as applicable to the act of 1840, were early adopted by the Supreme Court of this state. We must assume that the petitioner, interested as he was in the estate of his grandfather, a portion going to his mother and then to himself, in the hands of the trustee appointed by the will of his grandfather, had legal notice of the filing of these accounts which were advertised, and the solemn decrees of the court confirming them, wherein it is shown on the face of each that they could then, before the confirmation of each, have been attacked for the same reason and by the same proof as now proposed, but for the laches or negligence of the petitioner. "As a matter of grace, a review may be granted for new proof discovered after the decree, which proof could not possibly be used at the time when the decree was made; yet when the party complaining has been guilty of laches after notice of the decree, the bill should not be granted:" Priestley's App., supra; Scott's App., supra; Milligan's App., 82 Pa. 389; Lee's Est., 29 W. N. C. 346.

We can attach no weight to paragraph 10 of the petition wherein the simple statement is made that the interest of Joseph Alexander in the banking firm of Alexander & Co., being a one

third interest, was valued at $4,988 on August 1, 1871, and that the interest of Wm. J. Alexander in the banking firm of Alexander & Co., August 20, 1894, was a one third interest, valued at $40,000.  We are led to conclude, therefore, that as no proof or evidence is suggested by the petitioner now or gross errors the knowledge or evidence of which he could not, by the exercise of reasonable diligence, have discovered before the accounts were finally confirmed, his claim for relief must rest on his averments : LeMoyne's App., 104 Pa. 321.   The petitioner sets forth that he " has discovered very recently, and since the filing and confirmation of the last account, that the estate of Rose Ann Adams was invested as hereinbefore set out," etc.   There can be no doubt that his claim as to this is based upon the will of Joseph Alexander, and full and entire information as to the trust funds could have been demanded and enforced at any time by him, at least since May 22, 1893, the date of the death of Rose Ann Adams, and prior to the death of the trustee.   If the petitioner was content to rely on the " advice of the custodians and trustees of the funds," and if " believing their statement " he " has allowed said accounts (made under oath) to remain unquestioned," this would not bring him within the requirements of the law which would entitle him to a bill of review under the circumstances of this case disclosed by his petition.   The authorities of McNeel's Est., 68 Pa. 412, and Kinter's App., 62 Pa. 318, cited by petitioner's counsel, do not apply to the situation as disclosed by the petition.   In those cases there was a plain showing that assets belonging to estates had been omitted from the accounts; it was made to appear as a matter of fact that such was the case, upon which the review was granted to reform and surcharge.   In the case before us no such facts plainly appear, nor can we take the filing of the demurrer in this case to admit that the statements made here are facts, admitted for any other purpose than to avail the demurrers of a legal defense as a matter of form in pleading.

And now, June 26, 1897, this cause came on to be heard on petition and demurrer thereto, and after argument by counsel and due consideration thereof, the demurrer filed is sustained and the petition dismissed, at costs of petitioner.

*Error assigned* was decree of the court.

*I. S. Stentz*, with him *Norman E. Clark*, *W. I. Berryman*, and *R. A. Hitchens*, for appellant.—In disposing of this case the court below held that the appellant did not aver, in his petition, any new matter that he could not have used at the time the accounts were confirmed; and that he was barred by his laches. In so holding, we contend that the court did not give the demurrer filed in this case its proper and legal effect, namely, that by demurring to the petition the appellees thereby admitted all such matters of fact as are sufficiently pleaded in the petition to be true as alleged: Stephen on Pleading (9th Am. ed.), 143; Ackerman v. Buchman, 109 Pa. 254; Bitting's App., 105 Pa. 517; Wildee v. McKee, 111 Pa. 335.

A trustee will not be permitted to obtain any profit or advantage to himself in managing the concerns of the cestui que trust, but whatever benefits or profits are obtained will belong to the cestui que trust: 1 Story's Equity Jur., sec. 220; 1 Perry on Trusts, sec. 427; Baker's App., 120 Pa. 48; Norris's App., 71 Pa. 125; Kepler v. Davis, 80 Pa. 153; Hall's App., 40 Pa. 413; Raybold v. Raybold, 20 Pa. 308.

Where there is fraud laches cannot be imputed to the injured party, until the fraud is discovered: 1 Perry on Trusts, sec. 230; Sankey v. McElevey, 104 Pa. 265; Kuhns's App., 87 Pa. 100; Ferris v. Henderson, 12 Pa. 49; McNeel's Est., 68 Pa. 412.

The facts in the case show that no rights have changed in consequence of the decrees confirming these accounts, and in such case the power of correction will be liberally exercised, even if error does not appear on the face of the record or new matter is not averred or shown: Mitcheson's Est., 11 W. N. C. 240; George's App., 12 Pa. 260; Bishop's App., 26 Pa. 470; Bucknor's Est., 7 W. N. C. 470.

The investment of the estate in the private business of the trustee, resulting in large profits, and the failure to account for the same, is a fraud, which an examination of the account would not reveal. In such cases great liberality is exercised by the courts in granting bills of review, and especially so when it will not result in the disturbance of an appropriation already made: Kinter's App., 62 Pa. 322; Kuhns's App., 87 Pa. 100; McNeel's Est., 68 Pa. 412.

*A. M. Todd*, with him *James A. Wiley*, for appellee.—An

account settled and confirmed can only be reviewed as a matter of right, for error of law appearing on the face of the record, or for new matter which has arisen since the decree. As a matter of grace a review may be granted for new proof, discovered after the decree, which proof could not have been used at the time the decree was made: Story's Equity Pleadings, sec. 404; Riddle's Est., 19 Pa. 431; Russell's App., 34 Pa. 258; Hartman's App., 36 Pa. 70; Fletcher's App., 125 Pa. 357; Priestley's App., 127 Pa. 432; Jones's App., 99 Pa. 124; Lehr's App., 98 Pa. 25; Scott's App., 112 Pa. 427; Gosner's Est., 133 Pa. 528; 4 Brewster's Practice, 808.

We do not quarrel with the position taken by the appellant that the demurrer "admits all such matters of fact as are sufficiently pleaded," but we deny that this legal principle can be so extended so as to cover any naked averments which the petitioner may see fit to make, especially if such averments are directly contradicted by the records to which he specifically refers and makes a part of his petition. "Inferences from facts, arguments and conclusions" are not admitted: Com. v. Commissioners of Allegheny County, 37 Pa. 277; Manners v. Library Co., 93 Pa. 165.

Per Curiam, October 25, 1897:

In the court below this case was heard on the demurrer to appellant's petition for a bill of review of the accounts specified therein. The demurrer was sustained and the petition dismissed at the petitioner's costs, and hence this appeal.

A careful consideration of the record has satisfied us that no other decree should have been made, and that neither of the questions involved requires further discussion.

For reasons given in the opinion of the learned judge of the orphans' court, the decree is affirmed and appeal dismissed at appellant's costs.